United States District Court
Southern District of Texas
**ENTERED**
October 12, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

DONALD RAY WILLIAMS, §
TDCJ #00585282, §
§
Petitioner, §
VS. § CIVIL ACTION NO. 3:18-CV-0275
§
LORIE DAVIS, §
§
Respondent. §

**MEMORANDUM OPINION AND ORDER DISMISSING PETITION**

State inmate Donald Ray Williams has filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge a 1994 state court conviction in Brazoria County. After review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and having considered the pleadings and filings, the applicable law, and all matters of record, the Court will dismiss the petition as time-barred under 28 U.S.C. § 2244(d) for the reasons explained below.

## I. BACKGROUND

On May 3, 1994, Williams was sentenced to ninety-nine years imprisonment for murder. *See State of Texas v. Donald Ray Williams*, Case No. 20451, Brazoria County (available at http://www.publicbrazoria-county.com/PublicAccess/default.aspx) (last visited Oct. 10, 2018). Williams's conviction was affirmed by the Fourteenth Court of Appeals on October 26, 1995. *Williams v. State of Texas*, Case No. 14-94-00537-CR (available at http://search.txcourts.gov/Case.aspx?cn=14-94-00537-CR&coa=coa14) (last

visited Oct. 10, 2018). He did not file a petition for discretionary review with the Texas Court of Criminal Appeals. *Id*.

Williams has filed dozens of state habeas petitions, including more than ten related to his conviction in Case Number 20451. On July 31, 1996, the Texas Court of Criminal Appeals denied his habeas petition, WR-3,069-06, without written order. *Ex Parte Donald Ray Williams, Sr.*, WR-3,069-06 (available at http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c) (last visited Oct. 10, 2018). Williams then filed multiple writs that were dismissed by the Texas Court of Criminal Appeals as subsequent applications and abuse of the writ. *See id*. (WR-3,069-08, WR-3,069-09, WR-3,069-10, WR-3,069-11, WR-3,069-12, WR-3,069-14, WR-3,069-16, WR-3,069-18, WR-3,069-20, WR-3,069-22, WR-3,069-23, WR-3,069-24).

Williams executed the instant federal petition on September 10, 2018 (Dkt. 1). He brings a claim of wrongful imprisonment, among other claims.

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

Williams filed this federal habeas petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Therefore, his petition is subject to the one-year limitations period found in 28 U.S.C. § 2244(d). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

Williams' sentence was imposed on May 3, 1994, and his conviction was affirmed on October 26, 1995. He did not file a petition for discretionary review with the Texas Court of Criminal Appeals. Therefore, because his conviction was final before the AEDPA went into effect, he had one year from the AEDPA's effective date, until April

24, 1997, to file a petition for federal habeas relief. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Williams' petition, filed on September 10, 2018, is late by more than twenty years.[1]

Williams does not demonstrate the applicability of any provisions in Section 2244(d)(1) that might warrant a later accrual date. In his federal petition, in response to an inquiry about why his petition is not time-barred under 28 U.S.C. § 2244(d), Williams stated as follows:

> Mr. Donald Ray Williams senior plaintiff request[s] each person that participated in illegal scheme plan with defendants also join-up defendants be arrested. Fines. Death execution crimes. 1. Aggravated embezzlement 2. Aggravated counterfeit documents 3. Aggravated attempt to assassinate asset 4. Aggravated [illegible] kidnapping.

(Dkt. 1, at 9). He does not assert a state-created impediment to filing for habeas relief, a constitutional right newly recognized and made retroactive by the Supreme Court, or recent discovery of a factual predicate for his claims. *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D). He also does not identify any facts supporting the application of equitable tolling in his case.[2]

Accordingly, the petition must be dismissed as untimely filed.

---

1 Williams' state habeas petition in WR-3,069-06 was pending for under two months and was denied on July 31, 1996. Statutory tolling under 28 U.S.C. § 2244(d)(2) therefore does not render the current federal petition timely.

2 Equitable tolling is available in rare and exceptional circumstances. *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). It requires a showing that a petitioner has been pursuing his rights diligently and that "some extraordinary circumstance" prevented timely filing of his habeas petition. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes

that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice as time-barred.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 12th day of October, 2018.

George C. Hanks Jr.
United States District Judge